and just take care of yourselves. Bye-bye. Thank you. Thank you, Your Honor. Okay, we will go on to case number two. Well, let's see. There we are. We have you. Okay, and good morning. Good morning. Good morning. Your case is number 21-1536. It is Glenn Miller v. the City of Chicago. And let me just say that there will probably, you know, if there are times when we're speaking over each other, we'll just stop and, you know, we understand how difficult this is for everyone. And we're just glad you're here. So, good morning, Mr. Faxman. Good morning, Your Honor. May it please the Court. The principal question presented in this appeal is what rule of law requires that a complaint contain allegations that the case is brought as a class action. The district judge said that requirement can be implied from Rule 23C, which talks about a certification order and notice to class members. Rule 23 is not part of the section of the Rules of Civil Procedure that deals with pleadings. That's Rule 8, which talks about what a claim for relief must include. Does it mention that a case is being brought on behalf of a putative class? Rule 9 talks about special matters that have to be pleaded. Again, Rule 9 doesn't say anything about whether a case has to say it's being brought on behalf of the class. In the case that we relied on, Chapman v. First Index, this Court considered whether anything in the Rules of Civil Procedure required that the complaint include a class definition. And the Court, after canvassing the Rules of Civil Procedure, emphatically said, no, nothing in the Rules of Civil Procedure require that a class be alleged in the complaint. So, Mr. Flaxman, do you read Chapman as endorsing, in essence, stealth class actions? Keep it a secret until final judgment is entered? No. That would be one-way intervention, which has its other problems with doing that. In this case, we relied upon Chapman, filed the motion before the close of discovery. The city said, we need another four months to take class discovery. The district judge said, I'm going to take—the district judge then took, I think, nine months to rule on a pending summary judgment, and said, no, you can't amend. It's too late to amend. This is not an attempt to do a stealth class action. This is an attempt to comply with Chapman, file the motion as soon as we knew it was reasonable to pursue class certification. We took a 30B6 deposition, I think, a week before we filed the class motion, and that's when, for the first time, the city admitted that, yes, we do have this policy of not letting people postpone when they've been arrested on warrants issued from outside of Cook County. Before that, the city had been ambivalent about whether it actually had such a policy. Would you help us, or certainly help me, given the really wide discretion that district courts have, in deciding whether to allow amended complaints so far into the litigation? Because this would have been, you know, of course, Ali's fourth complaint, and fact discovery was almost closed. How can we say that Judge Chang's decision abused his discretion, even if we're really sympathetic to the plaintiff? Well, I think this would have been, if you agree with Judge Chang that we had to amend the complaint, this would have been the third, I think the second complaint. The first complaint was the original one, the second one we added some parties. I think it would have been the third, the second or third, but I'm not sure about that. But the point is that when a judge relies on a mistake of law in exercising his or her discretion, that's an abuse of discretion. Isn't there a preliminary issue here for your client's purposes, though, whether or not the court abused its discretion in denying your very late motion to intervene? Because if the court didn't abuse its discretion in allowing your client to intervene, your client isn't a party to the case, so we don't even need to get to these other issues. Well, it's difficult to say how Mr. Miller was late in seeking to intervene when he filed his petition to intervene the same day that the earliest final decision could have been entered. In United Airlines versus McDonald, the court was very clear in stating that this kind of intervention doesn't have to be sought until there is a final decision. But the court in McDonald didn't provide a bright line rule saying that you had to move to intervene after a final judgment but before deadline. Here, you represent both the plaintiff as well as the proposed intervener. You knew, so your client knew, when the motion for class certification was filed and the court ruled on it, that the court wasn't going to let a class certification go forward. You knew that Mr. Ali was working on settlement with the city. You knew that discovery was over. So you came in at the last minute attempting to intervene. The case was settled with your other client, Mr. Ali, and the court found for all of those factors that your motion to intervene wasn't timely. So we have to review that for an abuse of discretion. How do you get around that given the totality of the circumstances here? Well, first I'd like to point out that your honor is echoing the position of the dissenters in McDonald. And they lost. It was five to four against them. And I think that- McDonald did not provide a bright line rule. And the timeliness of intervention is still up to the district court's discretion. Nothing has changed about that. And of course, as I think Judge Chang pointed out, unlike McDonald, there never was an operative complaint seeking relief on behalf of anyone but Mr. Ali himself. That's correct. McDonald made plain, however, that its holding was not limited to representative actions. And we cite the- I which enumerated several cases that were not representative in nature, where post-judgment intervention was sought. The other issue that we're overlooking here is that it wasn't until the district judge said that- and that was like in November, I think, that he's not going to allow intervention, that Mr- the time for Mr. Miller to get his papers together arose. And Mr. Miller, there's no showing here that he knew about this case and was just sitting back waiting for something to happen. And the question about whether McDonald set out a bright line rule for intervention is something that I think the Ninth Circuit and the Sixth Circuit have come out the other way. I don't think this court has squarely confronted that situation. I think the Sixth and the Ninth Circuits, I think we cite those cases say, yes, McDonald set a bright line rule that the time to intervene after judgment to appeal an interlocutory ruling is when the final judgment is entered. And I think there's language in McDonald that disapproves intervening to be a bystander waiting for the final decision to be entered. I think if there is unfairness in this case by waiting until discovery closed, it's because the city waited until a week before the close of discovery before admitting that it had a policy. Judge Chang suggested that we should be seeking class certification as soon as we could satisfy Rule 11. I respectfully, a lawyer who's about to embark on class litigation needs more than to be satisfied with Rule 11 that it's a case worth pursuing, that there really is a class here. This court has been very careful in when it allows cases to proceed as a class action. We were entitled to wait, I think, until the city said, yes, we do have a policy. The other point that's also hidden in this is that the city says, well, we were relying on what the chief judge said, and that's why we didn't let people postpone. The last sentence of the summary judgment concludes with the statement that when the defendant is able to postpone, you can let him postpone and schedule him for a court appearance before the demanding authority. That's exhibit R to defendant's 56.1 statement, docket number 66-18. And it turns out that we, as we learned from a Freedom of Information Act request after this case was briefed, that the city adopted its policy in 2012 before this chief judge's order came out. I'm out of time, and I thank the court for its attention. Yeah, but I will certainly give you some. Thank you. Of course. It's Mr. Morrell. Yes, Judge. Hello. May it please the court. Appellant Miller, who had no involvement or interest in the underlying case brought by Ali, sought to permissively intervene two years after the case was filed, after the city had settled with Ali, and after the case was dismissed. The district court did not abuse its discretion when it denied Miller's untimely attempt to intervene at the last possible moment. Because the intervention issue is a threshold inquiry, an affirmance of the district court's denial of Miller's intervention disposes of this appeal. Therefore, although neither the striking of the motion for class certification nor the denial of a third opportunity to amend the complaint constitutes an abuse of discretion, I'll plan to largely rest on the briefing on those two issues pending any questions from your honors. Well, I just want to say, you know, we know now that Mr. Ali was still exploring the policy in discovery. It wasn't until November 22nd that he elicited the admission from the Rule 30 be witness on that policy as it affected Mr. Ali. What I want to know is, do we really want to insist plaintiffs pursue a class allegation at the first possible minute without getting some confirmation of the underlying facts? I mean, I don't, is that dilatory? How is it dilatory, I should ask? So I would say, first of all, this was a factual assessment that the district court judge conducted where they looked at when information was disclosed and determined that there were earlier points in time where there was sufficient information to allege a class action, which the court then would only start the process for class discovery to figure out more information. But also, I think this is purely a matter of procedure here on that issue. Even if at that point, it was relatively late that he only found out the sufficient information for the sake of argument, the proper procedure would have been to amend the pleadings to seek leave to amend the pleadings while discovery was still ongoing to add class allegations at that time and therefore put defendants on notice that they were actually seeking class allegations through the proper channels. So, but in returning to kind of threshold issue for this court, the proper application of the reasonableness totality of the circumstances analysis is very straightforward against intervention. Here we have Miller, who was represented by the same counsel as Ali, chose to delay seeking intervention until immediately after Ali's settlement was finalized and the case was dismissed, which was more than two years after the case began. And after Ali waived his right to appeal as part of the settlement. Notably, Miller doesn't even argue that permissive intervention is proper based on the totality of the circumstances factors. Rather, he argues that McDonald put the case required the district court to allow Miller to permissively intervene, but it does not. To understand McDonald is not applicable, it's important to quickly appreciate the factual circumstances of this case. It involves a single plaintiff litigating in his individual capacity, who twice amended his admission, never raised class allegations, who completed discovery for only individual actions. And then after suffering judgment was decided, he settled the case. Only there, years after the case began, did Miller, a person with no prior involvement in the case, suddenly seek to intervene to keep the case alive. It is that scenario which appellant claims McDonald mandates intervention. Rather, McDonald stands to the principle that if a representative of a putative class that was putative class often but not always can intervene. And as this court stated in Larson, it is not a bright line rule following Donald, it is still the totality of the circumstances analysis. Because it was reasonable for a member of the putative class to rely on the name class number to protect his interests. McDonald explained that the time from which the class member should have known that he needs to intervene only starts from when the representative party abandons their interests of the other class members. To be clear, while McDonald was about class actions, the city does not believe that proper post-judgment intervention is only limited to class actions. In fact, in our brief on page 14, we cite the Flying J case, where post-judgment intervention was proper by those parties who are beneficiaries of a state statute, but then the state attorney general unexpectedly and suddenly stopped defending the statute. But in all the slightly different scenarios where post-judgment intervention may be proper, the key is whether the intervener was reasonably relying on a party's proper prosecution or defense of something that impacted the intervener's rights or interests, and therefore was reasonable for them not to intervene earlier. If the prospective intervener had distinct interests, the onus is on them to bring a separate suit or intervene at an earlier time. Here, Miller was not relying on Ali for anything because it was a single plaintiff case, which regardless of whether Ali won or lost on the claims he actually brought and litigated, Miller would not have been impacted. I think it may help to think about this case from the perspective of Miller as the litigation was ongoing. He certainly wasn't reasonably relying on the case to protect his interests for the first year, since by his own admission at that point, the case was never meant to be a class action. Then Ali sought to certify class, which the motion the court didn't even entertain because it was improperly filed. After that, Ali sought to leave to amend his complaint for a third time, which leave of the court rejected, so class allegations never became part of the case. At no point in that progression of the case would it have been reasonable for Miller to presume that the existing litigation was protecting his interests such that Ali's settlement should have all of a sudden given him reason to intervene at such a late stage. Therefore, appellant throughout his briefing and in this argument incorrectly refers to the case as a putative class action where the class certification was denied. It is not. The case was never brought or litigated as a class action. It was never amended to be a class action, and the merits of class certification motion were never considered. So while McDonald does speak of reasonableness of post-judgment intervention by putative class members who reasonably relied on the main class members to litigate their interests, Miller is not a putative class member because there was never an alleged class for him to be part of. The city is prepared to rest on the other two points that are not threshold issues unless the court has any questions. So for those reasons, the judgment of the district court should be affirmed. Thank you, Mr. Merrill. Okay, Mr. Flaxman. Let's give Mr. Flaxman three minutes, please. Thank you, Your Honor. Whenever a case is being prosecuted as a policy claim, the city or the municipality should be aware that there's a possibility that the case might end up as a class action. There's a municipal practice that's at issue. The question is whether the practice affects a large number of people, whether the plaintiff is typical, whether there are common questions, and there are common questions with a municipal policy, and whether the named plaintiff will adequately represent it. It's somewhat disingenuous for the city to say, oh, we're going to have a class action case, and the case that was finally revealed two weeks before the close of discovery is now being litigated as a class action. There were numerosity questions that had to be explored, and they were explored, and then we filed the motion. The post-judgment argument that Mr. Miller should have come forward sooner assumes that Mr. Miller knew about this case sometime before the district judge denied the motion to amend. That certainly could have been a topic that the city could have explored in deposing Mr. Miller after he filed this petition. If they had deposed him, they would have learned that he didn't learn about the case until after the district judge had ruled on the denial of the motion to amend. The court should follow the majority in McDonald rather than the dissenters and should reverse the district court. Thank you. All right. Well, thanks, Mr. Flaxman. Thanks, Mr. Murrow. The case will be taken under advisement. Thank you.